UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK



Akeem Capers,

            Plaintiff,

–v–

Kirby Forensic Psychiatric Center, et al.,

           Defendants.

13-cv-6953 (AJN)

MEMORANDUM &
ORDER

ALISON J. NATHAN, District Judge:

    Plaintiff Akeem Capers, a patient at the Kirby Forensic Psychiatric Center, brings this *pro se* suit against five employees of the State of New York ("the State") alleging that his rights were violated when he received Electroconvulsive therapy ("ECT") treatment pursuant to two state court orders. Defendants have moved to dismiss. For the reasons that follow, Defendants' motion is GRANTED.

I.    BACKGROUND

    Capers filed this action on August 15, 2013, and initially named only the Kirby Forensic Psychiatric Center ("Kirby") as a defendant. Dkt. No. 1. Because Kirby is a state agency of New York, and therefore enjoys the sovereign immunity protections of the Eleventh Amendment, the Court dismissed Kirby as a defendant and ordered Capers to amend his complaint to name as defendants the individuals responsible for the alleged violations of his rights. Dkt. Nos. 10, 13. After some additional back-and-forth, Capers filed an amended complaint that named five state employees as defendants: Madge Sapienza, Capers' social worker; Nnmadi Maduekwe, his psychiatrist; Laurie Klein, his psychologist; Jay Pascal, his

medical specialist; and Emmanuel Charles, the "treatment team leader" (collectively, "Defendants"). Am. Compl., Dkt. No. 19, ¶ I.B.

The factual allegations in the amended complaint are sparse, but Capers alleges that a New York court twice ordered, over his objection, that he undergo a series of ECT treatment sessions. *Id.* ¶ II.D. Specifically, he claims that on June 25, 2008, the court ordered that he receive 30 ECT treatment sessions, beginning on July 9, 2008. *Id.* ¶¶ II.C, II.D. He further alleges that the court ordered another round of 14 ECT sessions on November 6, 2008, with treatment concluding on December 29, 2008. *Id.* ¶ II.D.[1] Capers claims that he suffered from seizures as a result of the treatment and that on March 12, 2009, he was found lying on the floor, unresponsive, and had difficulty breathing. *Id.* ¶ III. Capers seeks $3.5 million in damages. *Id.* ¶ V.

On April 30, 2015, Defendants moved to dismiss the amended complaint for failure to state a claim, pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure. Dkt. No. 29. After the Court instructed Capers to indicate whether he would file a response to Defendants' motion, he submitted a short opposition on July 1, 2015. Dkt. No. 38. Defendants filed a reply on July 8, 2015. Dkt. No. 39.

## II. LEGAL STANDARD

To survive a motion to dismiss under Rule 12(b)(6), a plaintiff must plead sufficient factual allegations to "state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). A claim is facially plausible if the complaint contains "factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). Although this standard does not require "detailed factual allegations," it "requires more than labels and conclusions." *Twombly*, 550 U.S. at 555.

---

[1] The Court notes that the text of the state court's November 6, 2008 order indicates that Capers was to receive 60 ECT treatment sessions, not 14. Buskin Decl., Dkt. No. 31, Ex. C.

2

Where, as here, a plaintiff proceeds *pro se*, his complaint "must be held to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (quotation marks omitted) (quoting *Estelle v. Gamble*, 429 U.S. 97, 106 (1976)). "This is particularly so when the *pro se* plaintiff alleges that [his] civil rights have been violated." *Sealed Plaintiff v. Sealed Defendant*, 537 F.3d 185, 191 (2d Cir. 2008). Accordingly, "dismissal of a *pro se* claim as insufficiently pleaded is appropriate only in the most unsustainable of cases." *Boykin v. KeyCorp*, 521 F.3d 202, 216 (2d Cir. 2008).

### III. DISCUSSION

Capers does not cite a specific statute or legal authority in his complaint, but his claim that state officials unlawfully administered ECT treatment against his will can be read as arising under 42 U.S.C. § 1983, which allows individuals to recover for violations of their constitutional rights. Defendants acknowledge that Capers has attempted to raise a § 1983 claim, but they contend that the Court must nonetheless dismiss the complaint for several reasons. First, Defendants argue that the action is barred by the applicable statute of limitations; second, they claim that the complaint must be dismissed under Rule 12(b)(6) for failure to state a claim; third, they contend that the individual defendants were not personally involved in any alleged violation of Capers' rights; and fourth, they argue that any claim against the Defendants in their official capacities would be barred by the Eleventh Amendment. Defs. Br. 4-7. Capers does not respond to any of these arguments in his opposition to Defendants' motion. Instead, he claims that he is "not suing [any] individual person[s]," but rather is "suing the state for medical malpractice" by virtue of the decision to administer the ECT treatment. Opp. Br. 1. Defendants argue in their reply brief that Capers' failure to respond to the arguments in their motion to dismiss means that he has abandoned his claim. Reply Br. 1-2.

As an initial matter, the Court declines Defendants' invitation to decide this case on abandonment grounds. The Court is mindful of the fact that Capers is proceeding *pro se* and that "the sufficiency of a complaint is a matter of law that the court is capable of determining based

3

on its own reading of the pleading and knowledge of the law." *McCall v. Pataki*, 232 F.3d 321, 322-23 (2d Cir. 2000). Accordingly, "the plaintiff's failure to respond to a Rule 12(b)(6) motion does not," on its own, "warrant dismissal." *Id.* at 323.

Defendants are correct, however, that Capers' claim is barred by the statute of limitations. The statute of limitations period for § 1983 claims arising out of personal injuries in New York is three years. *See Owens v. Okure*, 488 U.S. 235, 251 (1989). Capers filed his complaint on August 15, 2013, but the most recent allegation he makes pertaining to the ECT treatment is that he experienced seizures on March 12, 2009. Am. Compl. ¶ III. He therefore would have needed to file his complaint no later than March 12, 2012—i.e., more than a year before he did—in order to satisfy the three-year statute of limitations. And Capers has made no allegation, much less a showing, that there are grounds for tolling the statute of limitations here. Accordingly, his claim is untimely.

Even if his claim had been timely, however, it would be still be dismissed on the merits. It appears from Capers' opposition to Defendants' motion to dismiss that he has withdrawn his claim against the five named defendants and wishes instead to name the State of New York as a defendant. But to the extent that Capers' claim that he is "suing the state" is an attempt to add the State as a defendant, it cannot succeed. *See O'Brien v. Nat'l Prop. Analysts Partners*, 719 F. Supp. 222, 229 (S.D.N.Y. 1989) ("[I]t is axiomatic that the Complaint cannot be amended by the briefs in opposition to a motion to dismiss."). Courts apply this rule even when a plaintiff is *pro se*, though a court may consider new allegations in an opposition brief "in determining whether to grant [the plaintiff] leave to file a[n] . . . Amended Complaint." *Jordan v. Chase Manhattan Bank*, 91 F. Supp. 3d 491, 500 (S.D.N.Y. 2015). Even if Capers could add the State as a defendant, his claim would be dismissed. New York enjoys sovereign immunity under the Eleventh Amendment, and there is no indication that the State has waived that immunity here. *See Seminole Tribe of Fla. v. Florida*, 517 U.S. 44, 54-55 (1996).

To the extent Capers has not withdrawn his claim against the five individual defendants, his complaint must still be dismissed. Affording Caspers' complaint the liberal reading to which

4

it is entitled, the Court construes his claim that he unlawfully was subjected to ECT treatment without his consent as a claim that his substantive due process rights were violated. *See, e.g., Sell v. United States*, 539 U.S. 166, 178 (2003) ("[A]n individual has a 'significant' constitutionally protected 'liberty interest' in 'avoiding the unwanted administration of antipsychotic drugs.'" (quoting *Washington v. Harper*, 494 U.S. 210, 221 (1990))). The only source Capers points to for this alleged violation of his substantive due process rights is the two state court orders that authorized the ECT treatment sessions. *See* Am. Compl. ¶ II.D. But a plaintiff may not assert a Section 1983 claim "based upon [his] belief that [state court] orders were illegal" because "such [a] claim is barred by the *Rooker–Feldman* doctrine." *Spencer v. Bellevue Hosp.*, No. 11-CV-7149 (CM), 2012 WL 1267886, at *5 (S.D.N.Y. Apr. 12, 2012) (alteration, quotation marks, and citation omitted).

The *Rooker-Feldman* doctrine requires "federal courts to abstain from considering claims" if four requirements are met: "(1) the plaintiff lost in state court, (2) the plaintiff complains of injuries caused by the state court judgment, (3) the plaintiff invites district court review of that judgment, and (4) the state court judgment was entered before the plaintiff's federal suit commenced." *McKithen v. Brown*, 626 F.3d 143, 154 (2d Cir. 2010). All four requirements are met here. Capers "lost" in state court when the court ordered the ECT treatment sessions over his objection. *See* Buskin Decl., Dkt. No. 31, Exs. B, C. Capers' argument that the decision to give him "treatment over objection . . . violated [his] rights," Opp. Br. 1, demonstrates that any injury to his substantive due process rights was the result of the court orders, as those orders were necessary to administer the ECT treatment involuntarily. *See* N.Y. Comp. Codes R. & Regs. tit. 14, § 527.8 (Subject to only limited exceptions, "patients on involuntary status may not be given a medical procedure or course of treatment over their objection without court authorization."). Capers' claim in this Court is thus a direct challenge to the constitutionality of the state court orders. And because the state court orders were entered more than three years before Capers brought this suit, the final prong of the *Rooker-Feldman* inquiry is satisfied.

5

In sum, "where, as here, a plaintiff challenges a state court judgment authorizing medication over objection, the action is barred by the *Rooker–Feldman* doctrine." *Meyers v. Health & Hosp. Corp.*, No. 13-CV-1258 (CBA) (LB), 2014 WL 4160796, at *3 (E.D.N.Y. Mar. 28, 2014), *report and recommendation adopted*, 2014 WL 4161975 (E.D.N.Y. Aug. 19, 2014) (citing cases). And in any event, Capers has brought his claim outside the three-year statute of limitations. Capers' complaint must therefore be dismissed.

## IV. CONCLUSION

For the foregoing reasons, Defendants' motion to dismiss is GRANTED. This resolves Docket No. 29. The Clerk of Court is directed to close the case.

SO ORDERED.

Dated: Feb 25, 2016
New York, New York

_____
ALISON J. NATHAN
United States District Judge